**Mitzi M. CUNNINGHAM,**
**Plaintiff–Appellant,**

v.

**William A. HALTER, Commissioner**
**of Social Security, Defendant–**
**Appellee.**

**No. 00–4034.**

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2001.

Before BOGGS, GILMAN, and BRIGHT,* Circuit Judges.

### ORDER

Mitzi M. Cunningham, an Ohio resident represented by counsel, appeals a district court order denying her application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(B). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, Cunningham applied for social security disability insurance benefits and for supplemental security income benefits. After exhausting her administrative remedies, Cunningham filed an appeal with the district court seeking a review of the Commissioner's decision denying benefits. Upon de novo review of a magistrate judge's report, the district court affirmed

the denial of benefits in part and remanded a portion of the Commissioner's decision for further review.

Cunningham then petitioned the district court for an award of attorney's fees under the EAJA. Upon de novo review of a magistrate judge's report, the district court denied the request for fees. It is from this decision that Cunningham appeals. On appeal, Cunningham asserts that the district court abused its discretion ·in denying her attorney's fees under the EAJA.

This court reviews the district court's decision not to award attorney's fees under the EAJA for an abuse of discretion. *Pierce v. Underwood,* 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *United States v. $515,060.42 in U.S. Currency,* 152 F.3d 491, 506–07 (6th Cir.1998).

The EAJA provides that:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Eligibility for a fee award in a civil action thus requires that: 1) the claimant was a "prevailing party," 2) the government's position was not "substantially justified," and (3) no special circumstances would make an award unjust. *Commissioner, INS v. Jean,* 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

As the district court noted, the Commissioner's decision was substantially justified and therefore Cunningham was not enti-

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

tled to attorney's fees. The government was successful in defending the Commissioner's decision as to the onset date of Cunningham's alleged disability. Further, the district court did not find Cunningham disabled. Rather, it remanded the request for benefits to the Commissioner for further development of the record as to three specific issues. As the government was successful in establishing that Cunningham was not disabled between 1993 and July 31, 1997, the government's position was substantially justified and the denial of attorney's fees under the EAJA was not an abuse of discretion.

Accordingly, we affirm the district court's order.